# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES OLSON, | ) | |
| | ) | |
| Plaintiff and, | ) | No. 08 CV 2214 |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| UNITED STATES OF AMERICA | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SHAMROCK | ) | |
| | ) | |
| Counterclaim Defendant | ) | |
| And | ) | |
| Counterclaim Plaintiff | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant United States of America's motion to dismiss [36], pursuant to Fed. R. Civ. P. 12(b)(1), Counterclaim Plaintiff Michael Shamrock's three counterclaims. For the following reasons, this Court grants United States' motion to dismiss [36] Shamrock's first and third counterclaims and denies United States' motion to dismiss [36] with respect to Shamrock's second counterclaim.

## BACKGROUND

In February 2006, the IRS assessed a civil penalty against James Olson for failure to remit employment withholding taxes on behalf of Jimi Construction, Inc (Jimi). In June 2008, Olson filed suit against the United States claiming the civil penalty was improper. Olson claimed Michael Shamrock (Shamrock), an owner of Jimi, handled all of Jimi's financial matters

Page 1

and was therefore responsible for the civil penalty.  In June 2009, the United States filed a counterclaim against Olson and joined Shamrock claiming he was also liable for Jimi's failure to remit employment withholding taxes.

However, Shamrock claims he properly remitted employment taxes using the IRS's Electronic Funds Transfer Payment System.  Shamrock further claims the IRS provided Shamrock with an incorrect tax payment code and as a result, Shamrock claims the IRS has unlawfully failed to credit the employment taxes as paid.  In response to the United States' claim, Shamrock filed three counterclaims against the United States seeking: (1) $250 million in damages for the IRS's alleged breach of a fiduciary duty, (2) $100,000 for overpaid taxes by Jimi Construction, and (3) a court order requiring the IRS to "account for all tax payments, and all transfers and credits and debits of such taxes paid."  In opposition, the United States claims sovereign immunity to suit and has filed a motion to dismiss all three counterclaims by Shamrock.

With respect to counterclaims I and III by Shamrock, this Court does not have jurisdiction to adjudicate Shamrock's claims because the United States has not waived sovereign immunity to suit.  However, with respect to counterclaim II by Shamrock, this Court has jurisdiction to adjudicate Shamrock's counterclaim against the United States because the counterclaim seeks recoupment arising out of the same transaction that is the subject matter of the United States' suit.  Thus, this Court grants the United States' motion to dismiss Shamrock's counterclaims I and III and denies the United States' motion to dismiss with respect to Shamrock's counterclaim II.

## LEGAL STANDARD

Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted to Congress pursuant thereto." *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). In a suit, the petitioning party must demonstrate that the district court has jurisdiction, which in non-diversity cases may be accomplished by showing that federal law creates a cause of action or that a substantial question of federal law is raised. *See Minor v. Prudential Securities, Inc.,* 94 F.3d 1103, 1105 (7th Cir. 1996); *see also Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court will accept the nonmoving party's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993).

## DISCUSSION

**I. Counterclaim I – Damages for breach of fiduciary duty.**

This Court does not have jurisdiction to adjudicate Shamrock's first counterclaim because Shamrock's first counterclaim seeks affirmative relief beyond recoupment. Normally, the United States is immune from suit unless sovereign immunity is specifically waived by statute or by other limited means. *See United States v.Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990). However, when the United States brings an action for recoupment against a defendant, as in the instant matter, the United States waives its sovereign immunity for counterclaims "arising out of the same transaction or occurrence." *See Federal Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1017 (7th Cir. 1969). This waiver is limited and the counterclaim cannot seek relief in excess or different from that which the United States seeks against a defendant. *Id.*

Shamrock's first counterclaim alleges the United States breached its fiduciary duty by not crediting Shamrock for payment of employment taxes. For this breach, Shamrock claims $250 million in damages. In contrast, the United States is seeking a tax penalty of $379,204.68 for Shamrock's alleged failure to remit employment taxes. Clearly, Shamrock seeks damages well in excess of the United States' claim for unpaid taxes. Furthermore, Shamrock's breach of a fiduciary duty claim does not even allege recoupment. Thus, the United States has not waived its sovereign immunity pursuant to the recoupment exception.

Furthermore, contrary to Shamrock's arguments, the United States has not waived sovereign immunity pursuant to 28 U.S.C. § 1346, 26 U.S.C. § 7432, and 26 U.S.C. § 7433. 28 U.S.C. § 1346(a)(1) permits civil suits against the United States for the recovery of any internal revenue tax that was erroneously collected. However, Shamrock's first counterclaim alleges a breach of fiduciary duty and not the erroneous collection of an internal revenue tax.

In addition, neither 26 U.S.C. § 7432 nor 26 U.S.C. § 7433 waive the United States' sovereign immunity with regards to Shamrock's first counterclaim. Both statutes require a plaintiff to exhaust all administrative remedies prior to seeking damages from a federal district court. Shamrock's complaint does not allege that he has filed any formal or informal administrative claim with the IRS. Shamrock argues that the IRS would in all likelihood reject his administrative claim and this in effect exhausts his administrative remedies. However, as other courts have noted, the "probability of administrative denial is insufficient to waive exhaustion," and the IRS must take a position on a processed claim before it can be asserted that all administrative claims have been exhausted. *See Stephens v. U.S.*, 437 F.Supp.2d 106, 109 (D.D.C., 2006).

In summary, this Court does not have jurisdiction to adjudicate Shamrock's first counterclaim because the United States has not waived its sovereign immunity to suit with regards to Shamrock's claim for breach of fiduciary duty.

**II. Counterclaim II – Recoupment of overpaid taxes.**

Unlike counterclaim I, this Court does have jurisdiction to adjudicate Shamrock's second counterclaim because the second counterclaim seeks recoupment for overpaid taxes to the IRS. As previously mentioned, the United States waives its sovereign immunity with regards to counterclaims seeking recoupment arising out of the same transaction that is the subject matter of the United States' suit. *See Federal Sav. & Loan Ins. Corp.*, 419 F.2d at 1017. This waiver is limited to claims that in effect defeat the United States' claim. *Id.* Shamrock's second counterclaim alleges it overpaid employment taxes and seeks a refund. In opposition, the United States seeks a civil penalty against Shamrock alleging Shamrock has not paid employment taxes. Both Shamrock's counterclaim and the United States' claim for a civil penalty arise out of same subject matter, namely the payment of, or lack thereof, employment taxes. Thus, this Court denies the United States' motion to dismiss Shamrock's second counterclaim.

**III. Counterclaim III – "Accounting" from United States**

This Court does not have jurisdiction to adjudicate Shamrock's third counterclaim because Shamrock's third counterclaim seeks a declaratory judgment that Shamrock made proper payment of employment taxes. As 28 U.S.C. § 2201 makes abundantly clear, this Court does not have jurisdiction to issue a declaratory judgment with respect to federal taxes. *See Schon v. U.S.*, 759 F.2d 614, 617-618 (7th Cir. 1985). Shamrock's third counterclaim states that the United States "has failed to account for the transfers of employee withholding taxes paid." To remedy this failure, Shamrock asks this Court to "enter an order" requiring the United States

to "account for all tax payments." Although styled as an "accounting", Shamrock is effectively asking this Court to declare that Shamrock has paid all employment taxes and that Shamrock is not liable to the IRS for any such payments. As the Seventh Circuit has made clear in *Schon* and other cases, this Court does not have jurisdiction to issue a declaratory judgment with regards to federal taxes. *Schon*, 759 F.2d at 617-618; *see also Federal Sav. & Loan Ins. Corp.*, 419 F.2d 1014 at 1018 (stating that seeking an "accounting" against the United States under court order constitutes affirmative relief beyond recoupment). Accordingly, this Court must dismiss Shamrock's third counterclaim.

This Court notes, however, with the counterclaim that remains, Shamrock should in effect receive much of the information he is seeking in his third counterclaim. The IRS, with regards to the second counterclaim, should disclose all payments and charges relevant to this case.

## CONCLUSION

For the foregoing reasons, this Court grants United States' motion to dismiss [36] with respect to Shamrock's first and third counterclaims, and denies United States' motion to dismiss [36] with respect to Shamrock's second counterclaim.

_____
Wayne R. Andersen
United States District Judge

Dated:__ 7/30/2010_____