# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2214 | **DATE** | 2/7/2011 |
| **CASE TITLE** | Olson vs. United States | | |

## DOCKET ENTRY TEXT

Plaintiff James Olson's Motion for Summary Judgement [56] is denied.

*[signature]*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff James Olson's Motion for Summary Judgement. James Olson ("Olson") initiated this case seeking a refund of federal taxes, and the abatement of a federal tax assessment based on unpaid trust fund tax liabilities of Jimi Construction, pursuant to Internal Revenue Code § 6672. The United States filed an answer and a counterclaim seeking a judgement that Olson is liable for the unpaid balance of the assessment, and that another individual, Michael Shamrock, is also liable for the unpaid balance of another assessment that was based on unpaid trust fund tax liabilities of Jimi Construction. Olson argues that he is entitled to judgment as a matter of law, that he is not liable for the assessment against him, because he was not responsible for payment of the Corporation's tax obligations, and that his actions were not willful. Further, Olson argues that the United States erred in its computation of the assessment amounts. The Motion is denied.

A party seeking summary judgment has the burden of showing that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); Koszola v. Bd. of Educ. of City of Chi., 385 F.3d 1104, 1107 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

A tax assessment is presumed valid; therefore, a person that has been assessed an Internal Revenue Code § 6672 penalty "bears the burden of proving his lack of responsibility and/or willfulness for the given tax quarters." Kim v. United States, 111 F.3d 1351, 1357 (7th Cir. 1997). After considering the parties' submissions without reliance on the untimely Declarations, the Court concludes that genuine issues of

| STATEMENT |
|---|

material fact remain in connection with Olson's status as a "responsible person" who acted "willfully" within the meaning of § 6672, and Olson's allegation that the United States erred in its computation of the assessment amounts. Accordingly, Plaintiff James Olson's Motion for Summary Judgement is denied.

IT IS SO ORDERED.