# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2214 | **DATE** | 2/2/2012 |
| **CASE TITLE** | Olson vs. United States | | |

## DOCKET ENTRY TEXT

Michael Shamrock's motion to extend the deadline to file the final pre-trial order and the trail date [86] is denied.

*Charles R. Norgle*

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Before the court is Michael Shamrock's ("Shamrock") motion to extend the deadline to file the final pre-trial order and the trial date. For the following reasons, the motion is denied.

    Shamrock is a counterclaim defendant in this action, which was initiated in April 2008 by fellow counterclaim defendant James Olson ("Olson"). Olson, the plaintiff, sued the United States seeking a refund of an allegedly improper penalty assessed by the Internal Revenue Service. In June 2009 the government filed counterclaims against Olson and Shamrock. The government sought unpaid trust fund penalty judgments of roughly $379,000 against Olson and roughly $402,000 against Shamrock. Nearly three years later, Shamrock moves the court for a continuance.

    A court may extend a deadline for "good cause." Fed. R. Civ. P. 6(b). "The decision to grant or deny a motion for continuance falls within the sound discretion of the trial court." Daniel J. Hartwig Assoc., Inc. v. Kanner, 913 F.2d 1213, 1222 (7th Cir. 1990). It is well established that "[m]atters of trial management are for the district judge." Id. However, the court's decision to grant or deny an extension may not be "arbitrary." Galowski v. Berge, 78 F.3d 1176, 1182 (7th Cir. 1996). An arbitrary decision is an abuse of discretion if a party is thereby actually prejudiced. Id.

    Shamrock seeks a ninety-day extension of the pre-trial order deadline and of the trial date. As grounds for his motion, which he filed January 27, 2012, Shamrock observes that his lawyer moved to withdraw October 25, 2011, which the court granted November 3, 2011. Shamrock also contends he needs more time to file a *pro se* appearance and—more than two-and-a-half-years later—more time to "enter into settlement negotiations with" the government.

    In his motion, Shamrock does not mention the court's November 16, 2011 order extending the previous December 1, 2011 pre-trial order deadline and December 15, 2011 trial date to February 8, 2012, and February 23, 2012, respectively. Since November 3, 2011, Shamrock has known he would need to retain counsel or proceed *pro se*. Three months have passed. Three months is adequate time for a *pro se* litigant to obtain new counsel or prepare to proceed without an attorney. Shamrock has also known since June 2009

| STATEMENT |
|---|

that the government was proceeding against him for roughly $402,000. Two-and-a-half years is more than adequate time to "enter into settlement negotiations." Nowhere in his motion does Shamrock say how he may be prejudiced by the February dates. <u>See</u> <u>Galowski</u>, 78 F.3d at 1182. The court finds that another three-month continuance would amount to needless delay in this nearly four-year-old case. Shamrock's motion is denied. This case will proceed on schedule.

    IT IS SO ORDERED.

FILED
2011 FEB -2 PM 5: 39
CLERK
U.S. DISTRICT COURT